FILED
2021 FEB 1 AM 11:52
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. JASON ALAN CALDWELL, Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO REDUCE SENTENCE  Case No. 2:15-cr-00649-JNP  District Judge Jill N. Parrish |

Before the court is Jason Caldwell's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 40. He argues that the COVID-19 pandemic constitutes an extraordinary and compelling reason to reduce his sentence to time served. Caldwell has recently recovered from a mild case of the disease. But he asserts that the risk that he will be reinfected with COVID-19, along with his obesity and claimed history of asthma, warrant a sentence reduction.

The court concludes that, under the present circumstances, Caldwell's risk of reinfection with COVID-19 does not constitute an extraordinary and compelling reason to reduce his sentence. Additionally, the court finds that the requested sentence reduction is not consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a). Thus, his motion is DENIED.

## LEGAL STANDARD

"In general, once a court has imposed a sentence, the court has no authority to modify that sentence." *United States v. Mannie*, 971 F.3d 1145, 1148 (10th Cir. 2020). A court may reduce a sentence only if one of the conditions established by Congress has been met. For example, a court may reduce a sentence if, after considering the factors set forth in 18 U.S.C. § 3553(a), the court

finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Congress has authorized the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). But Congress mandated that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.*

The Sentencing Commission's current policy statement on this issue lists four categories of extraordinary and compelling reasons for a sentence reduction: "(A) Medical Condition of the Defendant," "(B) Age of the Defendant," "(C) Family Circumstances," and "(D) Other Reasons . . . [a]s determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13, cmt. 1. In addition to satisfying one of these conditions, the court must determine that the "defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2).

Caldwell argues, however, that this court is not bound by the current version of the Sentencing Commission's policy statement. He relies upon recent opinions issued by the Second, Fourth, Sixth, and Seventh Circuits holding that the current policy statement is no longer an "applicable" policy statement within the meaning of § 3582(c)(1)(A). *United States v. Brooker*, 976 F.3d 228, 235–36 (2d Cir. 2020); *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020); *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020); *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). This same issue is currently pending before the Tenth Circuit, but that court has not yet issued an opinion. *See United States v. Maumau*, No. 2:08-cr-00758-TC, 2020 WL 806121 (D. Utah Feb. 18, 2020) *appeal docketed*, No. 20-4056 (10th Cir., May 12, 2020).

But in this case, the court need not decide whether to follow the Circuits that have held that district courts are no longer restrained by the Sentencing Commission's current policy statement. Regardless of whether the court is bound to follow the guidance offered in the policy statement, the court determines that Caldwell's risk of reinfection with COVID-19 is not an extraordinary and compelling reason to reduce his sentence. Moreover, the court determines that a consideration of the factors set forth in 18 U.S.C. § 3553(a) does not permit a reduction of his 120-month sentence by approximately fifty percent. Because Caldwell's motion fails regardless of whether the court follows the current policy statement—and because the Tenth Circuit will likely resolve the issue of whether the current policy statement is applicable in the near future—the court analyzes his motion without reference to the restrictions found in the policy statement.

## ANALYSIS

I.   **EXTRAORDINARY AND COMPELLING REASONS**

Congress decreed that only "extraordinary and compelling reasons" may justify a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). Caldwell argues that his risk of reinfection with COVID-19 in the cramped conditions of the prison where he is incarcerated satisfies this standard. He further asserts that he is obese and that he has a history of asthma,[1] comorbidities that would make a second infection with the virus more dangerous. The court, however, finds that Caldwell's

---

[1] In his request for early release addressed to the warden of his prison, Caldwell asserted that he suffered from "shortness of breath due to my prior tobacco habit." About two weeks after he sent his request for early release to the warden, Caldwell complained of shortness of breath due to smoke in the air from wildfires. A doctor diagnosed him with exercise-induced asthma exacerbated by poor air quality and prescribed an inhaler. The government argues that this medical record does not indicate the type of chronic asthma that would significantly increase the risks associated with COVID-19. The court agrees.

risk of reinfection is not an extraordinary and compelling reason to reduce his 120-month sentence to approximately 53 months and allow him immediate release for two principal reasons.

First, the court finds that Caldwell's recent recovery from COVID-19 makes him less susceptible to the disease, at least in the short term. There are many questions yet to be answered about how much protection is conferred by a prior infection and how long that resistance to reinfection will last. *See Reinfection with COVID-19*, CENTERS FOR DISEASE CONTROL AND PREVENTION (October 27, 2020), https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html. But the court finds that Caldwell's prior infection will provide substantial protection from contracting the disease in the near future, undercutting his argument that the COVID-19 pandemic is an extraordinary and compelling reason for early release.

Second, the court finds that immediate release will not make Caldwell safer from the virus. President Biden's recently released policy statement indicates that federal inmates will receive priority access to vaccinations. *National Strategy for COVID-19 Response and Pandemic Preparedness*, at 46 (January 21, 2021), https://www.whitehouse.gov/wp-content/uploads/2021/01/National-Strategy-for-the-COVID-19-Response-and-Pandemic-Preparedness.pdf. Indeed, the BOP estimates that all facilities will receive first doses of the vaccine by mid-February. *Update on COVID-19 Vaccinations* (January 15, 2021), https://www.bop.gov/resources/news/pdfs/20210115_press_release_vaccination.pdf. Therefore, Caldwell will receive access to a vaccine much sooner if he remains incarcerated.

Moreover, Caldwell represents in his brief that of the total population of 910 inmates in his facility, 655 inmates have recovered from the disease while 36 have active COVID-19 infections. Thus, over seventy-five percent of the inmates in Caldwell's facility have or will have at least

some immunity from the disease. This will provide significant herd immunity to counteract the effect of cramped conditions that have accelerated infection rates in prisons.

If Caldwell is released, he will still run the risk of exposure to COVID-19. Infection rates remain high in Utah. Caldwell would have to find employment; and there is no guaranty that his job will be socially distanced. He will be free to interact with others, to go grocery shopping, and to engage in other activities in the community. In short, he would be exposed to the same risks of exposure as average citizens. Moreover, he would have two disadvantages in relation to incarceration. At 44 years old, he would not have priority access to vaccination if he were released. And he may have a greater risk of exposure because he would not benefit from the herd immunity offered by his detention facility.

Accordingly, Caldwell has not convinced the court that his risk of reinfection with COVID-19 constitutes an extraordinary and compelling reason for early release.

## II.     THE § 3553(a) FACTORS

Even if the court had found extraordinary and compelling reasons to reduce Caldwell's sentence, the court determines that the 18 U.S.C. § 3553(a) factors do not support a reduction to time served in this case. In particular, "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense" does not support such a reduction.

Caldwell was sentenced to 120 months incarceration for transportation with intent to engage in criminal sexual activity under 18 U.S.C. § 2423(a). He admitted to sexually molesting a 12-year-old victim. Caldwell has served approximately 53 months of his sentence. Considering Caldwell's offense and the need for just punishment, the court determines that the § 3553(a) factors do not support cutting his sentence in half.

## CONCLUSION

For the reasons stated above, the court DENIES his motion to reduce his sentence to time served.

DATED February 1, 2021.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge